IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CX REINSURANCE COMPANY LIMITED, f/k/a CNA REINSURANCE COMPANY LIMITED, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-2355 Lead Case |
| DEVON S. JOHNSON, | * | |
| Defendant. | * | Member cases: GJH-18-2960; GJH-18-2962; GJH-18-3247; GJH-19-416; GJH-19-417 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

These consolidated cases concern the obligation of several insurance companies to indemnify insureds, non-party Baltimore landlords, for judgments awarded to three individuals ("Consolidated Plaintiffs") in liability suits for injuries caused by lead paint in homes rented from the insured landlords. Now pending before the Court is the Motion to Dismiss filed by Defendant National Union Fire Insurance Company ("National Union"), a successor-in-interest to named Defendant Landmark Insurance Company ("Landmark"). ECF No. 69.[1] No hearing is

---

[1] Landmark merged with National Union on January 1, 2012. ECF No. 69 at 1 n.1. Defendant National Union asserts that it has succeeded Landmark's rights and obligations and is the party-in-interest here. Thus, the Court refers to the party as National Union throughout the brief.

1

necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the Motion to Dismiss.[2]

I. BACKGROUND[3]

This Court first undertakes a review of the procedural history of these consolidated cases. The Court next turns to the background of the pending Motion to Dismiss.

A. The Consolidated Cases[4]

This Court summarized the background of these consolidated cases in a previous Memorandum Opinion. *See* ECF No. 50. Thus, it repeats only the facts as relevant here. These cases involve three individuals – Devon Johnson, Chauncey Liles, and Shyliyah Streeter (collectively "Consolidated Plaintiffs") – who were born in the 1990s, lived in Baltimore rental housing as young children, and were injured by lead-based paint at their residences. *See* ECF No. 57-1. In October 2014, each Plaintiff successfully brought suit in the Circuit Court for Baltimore County against their respective landlords for negligence. *See id.* ¶¶ 30, 65, 98.

Johnson's landlord was ensured by CXRe in one-year policies that covered the entire period that Johnson lived at the property. *Id.* ¶ 11. Liles' landlord was insured by CXRe for a period of two years, and after that, his landlord was insured by a different company, Liberty Mutual Mid-Atlantic Insurance Company ("Liberty Mutual"), then known as Merchants Business Men's Mutual Insurance Company ("M&B"). *Id.* ¶¶ 52–57. Streeter lived from 1996 to

---

[2] The Motion for Leave to Amend, ECF No. 57, which was only opposed by Liberty Mutual who will be dismissed from the case, is therefore granted. The Amended Consolidated Complaint is now the operative pleading. The Motion for Partial Judgment on the Pleadings, ECF No. 53, and the Motion for Joinder, ECF No. 54, are thus denied as moot. The Consent Motions for Extensions of Time, ECF Nos. 56, 61, 63, 70, are also granted.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] The Court refers to the first consolidated complaint in this action, ECF No. 33, as the Consolidated Complaint. The Court refers to the second consolidated complaint in this action, ECF No. 57, as the Amended Consolidated Complaint.

2001 at a property rented by the same landlord as Liles' property. *Id.* ¶ 91. Before February 28, 1997, the landlord was a named insured under a general liability policy issued by Landmark, now National Union. *Id.* ¶ 92. After that, Streeter's landlord was insured by CXRe and M&B, now Liberty Mutual. *Id.* ¶ 95.

After the judgments were awarded, Defendant CXRe filed three separate suits against Johnson, Liles, and Streeter in this Court in July 2018, seeking declarations of the parties' rights and obligations under the insurance contracts. *See* ECF No. 25 at 3. Meanwhile, Johnson, Liles, and Streeter all commenced separate actions against CXRe in state court, and Streeter and Liles each also named Liberty Mutual as a Defendant. *See id.* at 4. The actions were then all removed to federal court. *Id.*

On April 25, 2019, this Court granted the parties' joint motion to consolidate the six cases. ECF No. 26. The cases in the action consisted of No. GJH-18-2355 (*CXRe v. Johnson*); No. GJH-18-2960 (*CXRe v. Liles*); No. GJH-18-2962 (*CXRe v. Streeter*); No. GJH-18-3247 (*Johnson v. CXRe*); No. GJH-19-416 (*Streeter v. CXRe & Liberty Mutual*); No. GJH-19-417 (*Liles v. CXRe & Liberty Mutual*). At that point, the parties consisted of the Consolidated Plaintiffs and Defendants CXRe and Liberty Mutual, then M&B.

Johnson, Streeter, and Liles then filed the Consolidated Complaint on June 26, 2019. *See* ECF No. 33. The Consolidated Complaint added a claim by Streeter against National Union. *See id.* ¶¶ 7, 94. Two weeks later, the Consolidated Plaintiffs moved to stay the case in anticipation of rulings from the Maryland Court of Appeals that involved insurance coverage issues implicated in these actions. *See* ECF No. 34-1. On January 24, 2020, this Court granted the Motion to Stay. *See* ECF No. 51.

3

On April 3, 2020, the Maryland Court of Appeals issued a decision in *Rossello v. Zurich Am. Insur. Co.*, 468 Md. 92 (2020). *See* ECF No. 55. On July 22, 2020, the Consolidated Plaintiffs moved for leave to file the unopposed Amended Consolidated Complaint, citing to the *Rossello* decision. *See* ECF No. 57.[5] Also during this time, Plaintiffs filed proposed summons to National Union, which had still not been served, ECF No. 59, and National Union then filed the Motion to Dismiss, ECF No. 69, arguing that it was entitled to dismissal for insufficient service of process.

On October 22, 2021, CXRe filed a Notice of Stay, informing the Court that the United States Bankruptcy Court for the Southern District of New York had entered an Order recognizing CXRe's bankruptcy proceedings in a foreign jurisdiction. ECF No. 76. Thus, the court there entered a Stay Order, pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, of "all judicial and foreclosure proceedings in the United States against any member of the Company or against any of their respective assets in the United States." *Id.* at 2.

On the same day, Plaintiffs Liles and Streeter filed a Status Report, informing the Court that they had reached a settlement in principle of some of the remaining claims. *See* ECF No. 77. On November 24, 2021, Liberty Mutual, Liles, and Streeter filed a Stipulation of Dismissal, which dismissed all claims with prejudice against Liberty Mutual and all claims by Liberty Mutual against the Plaintiffs. ECF No. 78. In addition, Plaintiffs explained in their Status Report that this settlement agreement also resolved claims by Liles and Streeter against CXRe. ECF No. 77 at 2.[6]

---

[5] The only party to file an opposition was Defendant Liberty Mutual. *See* ECF No. 64.

[6] Liberty Mutual had stipulated to dismissal without prejudice of its crossclaim against CXRe earlier in the action. *See* ECF No. 52. Thus, pursuant to the Stipulation of Dismissal and the Status Report, claims by and against Liberty Mutual are dismissed with prejudice, and Liberty Mutual is dismissed from the case.

In summary, Liles has now resolved all of the claims against Defendants, and Johnson's claims, which are solely against CXRe, are now stayed. *See* ECF Nos. 76-1, 77.[7] Thus, the remaining issued for the Court to address now is Streeter's claim against National Union.[8]

**B. Streeter's Claim Against National Union**

As noted above, Streeter was exposed to and injured by lead paint from 1996 until 2001 at a residence owned by Stanley Sugarman. ECF No. 57-1 ¶ 4. Before February 28, 1997, Sugarman was a named insured under a general liability policy issued by then-Landmark, now National Union. *Id.* ¶ 92. Streeter holds a $571,000 consent judgment against Sugarman. *Id.* ¶¶ 4, 98. Streeter asserts that National Union is responsible for the judgment for the period it insured Sugarman, a period of 1996 through February 28, 1997, plus post-judgment interest accrued from December 12, 2016. *Id.* ¶¶ 92, 94, 115, 123.

National Union was first named as a Defendant on June 26, 2019, when Plaintiffs added it as a Defendant in the Consolidated Complaint. *See* ECF No. 33. At that time, Streeter did not serve National Union.[9] On July 22, 2020, Plaintiffs filed the Amended Consolidated Complaint, ECF No. 57, and then filed a Notice of Proposed Summons to National Union the next day, ECF No. 59. Summons was issued on July 27, 2020, ECF No. 60, but the parties dispute the date on which National Union was served, *see* ECF No. 69 at 2; ECF No. 71 at 5. National Union first

---

[7] A stay pursuant to Section 362 is generally only applied to the debtor defendant. *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (explaining that a stay under Section 362 is generally not available to co-defendants or third-party defendants unless there are "unusual circumstances[,]" such as the debtor defendant and the non-debtor defendant essentially share an "identity" so that the suit against the non-debtor is a suit against the debtor, since to "refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute."). Here, neither CXRe nor National Union has argued that there are "unusual circumstances" or that the stay must also be applied to National Union.

[8] Streeter's claim against National Union is a part of No. GJH-18-2355, this lead case. Streeter is the only Plaintiff to assert a claim against National Union. *See* ECF No. 71 at 3 n.1.

[9] In the Memorandum Opinion accompanying the Stay Order, this Court noted that "Landmark is a party to these suits but has not appeared." ECF No. 50 at 3.

appeared in the action on September 25, 2020. ECF No. 67. On October 26, 2020, National Union filed the pending Motion to Dismiss, ECF No. 69, which Streeter opposed, ECF No. 71, and National Union replied, ECF No. 73.

## II.     DISCUSSION

National Union has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 69. National Union asserts that, due to insufficient service-of-process, the action against it must be dismissed.[10]

Rule 4 of the Federal Rules of Civil Procedure provides explicit requirements for timely and effective service of process. Within 90 days of filing a complaint, the plaintiff is responsible for serving both the summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c); 4(m). If the plaintiff has not served the defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice" unless the Plaintiff shows good cause for its failure to do so. *Id.* at 4(m); *see also* Fed. R. Civ. P. 12(b)(5). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

National Union highlights that it was first named as a Defendant on June 26, 2019, but that Streeter did not even file a notice of proposed summons until July 23, 2020—a period of well over a year. ECF No. 69 at 6.[11] National Union asserts that it was served around August 11,

---

[10] Because this Court dismisses the action pursuant to Rule 12(b)(5), it does not address National Union's other arguments that the action must also be dismissed pursuant to Rule 12(b)(6). *See* ECF No. 69 at 8.

[11] The parties dispute the date of service, with Streeter alleging that National Union was served on August 5, 2020. ECF No. 71 at 5, and National Union asserting that it was not forwarded a copy of the summons and the Amended Consolidated Complaint until August 11, 2020, ECF No. 69 at 2. The exact date is not dispositive to the Court's analysis.

2020, and that, to date, Streeter has not filed any proof of service. *Id.*[12] National Union also asserts that Streeter never sought, nor was granted, an extension of time. *Id.* at 2.

Streeter acknowledges the delay but argues that she can establish good cause for failing to effect timely service. ECF No. 71 at 5. Streeter argues that, regardless, the Court may use its discretion to grant a retroactive extension of time until August 5, 2020—the date she asserts that National Union was served.

National Union was first named as a Defendant on June 26, 2019. *See* ECF No. 33.[13] Pursuant to Rule 4, Streeter had 90 days from that date to serve National Union. The 90-day period expired on September 24, 2019. Streeter was undisputedly late in serving National Union. In addition, Streeter never requested an extension of time. Thus, this Court must first determine whether Streeter has established good cause for the delay, and next whether, even absent good cause, the Court could and should use its discretion to excuse the delay.

### A. Good Cause

If a "plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs. Put conversely, good cause generally exists when the failure of service is due to external factors[.]" *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019). These "external factors" include a "putative defendant's evasion of process, the plaintiff experiencing difficulty in obtaining the defendant's proper address, the plaintiff being misdirected by court

---

[12] Streeter served the Maryland Insurance Administration, which in turn forwarded a copy of the summons and the Amended Consolidated Complaint to National Union. ECF No. 69-1.

[13] The filing of the Amended Consolidated Complaint did not reset this period. *See United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. 12-cv-1824-CCB, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017) (collecting cases to explain that an amended complaint generally "does not reset the Rule 4(m) service period except as to those defendants newly listed[.]").

7

personnel as to proper procedure, or that a defect in the attempted service was not revealed by the defendant until after the time to serve had expired." *Robertson v. Beacon Sales Acquisition*, No. 16-cv-3241-GJH, 2018 WL 2464455, at *3 (D. Md. May 31, 2018) (citation omitted).

The Fourth Circuit has noted that "good cause" is a flexible standard but that a plaintiff's "diligence" is generally a "touchstone" for the analysis. *See Attkisson*, 925 F.3d at 627. "'The common thread amongst all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule.'" *Combs v. Shapiro & Burson LLP*, No. 16-cv-846-GJH, 2016 WL 1064459, at *4 (D. Md. Mar. 14, 2016) (quoting *Tenenbaum v. PNC Bank Nat. Ass'n*, No. 10-cv-2215-DKC, 2011 WL 2038550, at *4 (D. Md. May 24, 2011)). "'[I]nadvertence or neglect of counsel,' however, will not suffice to satisfy the standard of 'good cause.'" *Id.* (quoting *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995)).

Streeter has not established good cause for the failure to timely serve National Union. Notably, Streeter does not argue that she undertook diligent, if ultimately unsuccessful, efforts to serve National Union. Plaintiff also does not argue that National Union evaded service or that the address was difficult to find. Instead, Plaintiff argues that good cause exists due to the January 2020 stay imposed on the case. *See* ECF No. 71 at 5. Plaintiff argues that the case was "dormant" and thus, there was good cause for failing to serve National Union. *Id.*

This argument is not persuasive. A period of around seven months elapsed between the filing of the Consolidated Complaint, on June 26, 2019, and the Court's imposition of the stay, on January 24, 2020. The 90-day period to serve National Union expired four months before this Court stayed the action. *See* ECF No. 51. In addition, Plaintiff did not move for a stay until two weeks after filing the Consolidated Complaint, *see* ECF No. 34, which was opposed by

8

Defendants CXRe and Liberty Mutual, *see* ECF Nos. 40, 41. Over the next several months, Plaintiffs engaged in motions practice with these Defendants, *see* ECF Nos. 44, 48. Thus, it would not be reasonable for Streeter to believe that the case was stayed or "dormant" during this entire time, let alone that National Union did not need to be served.[14] Plaintiff has failed to exercise any diligence in serving National Union. Thus, she has not shown good cause.

### B. Discretion

Whether a court has discretion to grant an extension of time to serve a defendant under Rule 4(m), absent a showing of good cause, has been a matter of much debate in the Fourth Circuit. In *Mendez*, the Fourth Circuit held that a complaint *must* be dismissed absent a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). However, as this Court has explained, the reasoning in *Mendez* "relied on the assumption that Rule 4(m) had the same meaning as its predecessor, Rule 4(j)," which required a dismissal absent good cause. *See Robertson*, 2018 WL 2464455, at *3 n.7. After a 2015 Amendment, Rule 4(m) states that "if a defendant is not served within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) further notes that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Thus, this Court and others have noted that *Mendez* may no longer be controlling authority in this Circuit. *See Robertson*, 2018 WL 2464455, at *3 n.7; *United States ex rel. Maharaj v. Est. of Zimmerman*, 427 F. Supp. 3d 625, 652 (D. Md. 2019) (collecting cases); *Escalante v. Tobar*

---

[14] Additionally, even if the stay had been imposed earlier, this would not affect the amount of time that Streeter had to serve National Union. *See Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (explaining that a stay cannot toll the period of time for service-of-process over an unserved defendant because "[w]ithout personal jurisdiction over an individual, . . . a court lacks all jurisdiction to adjudicate that party's right[.]"); *see also Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.").

*Constr., Inc.*, No. 18-cv-980-PX, 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019); *United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. 12-cv-1824-CCB, 2017 WL 1165952, at *6 (D. Md. Mar. 28, 2017). Rather, a court could, in its discretion, permit an extension of time regardless of good cause shown.

However, this Court has also recognized that, even if there is discretion, "'the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'" *Galindo v. ASRC Fed. Holding Co., LLC*, No. 15-cv-940-GJH, 2016 WL 2621949, at *1 n.2 (D. Md. May 5, 2016) (quoting *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)); *see also Tenenbaum v. PNC Bank Nat. Ass'n*, No. 10-cv-2215-DKC, 2011 WL 2038550, at *6 (D. Md. May 24, 2011) ("The mere fact that a court *can* extend the period [for service beyond the limit] does not mean it *should*." (emphasis in original)). Here, the Court does not need to resolve the post-*Mendez* case law because it finds that there is no "reasoned basis" to excuse Streeter's neglect. *See, e.g.*, *Robertson*, 2018 WL 2464455, at *3 n.7 (noting that the Court did not need to resolve the *Mendez* issue because, regardless of whether "dismissal is mandated or discretionary," the Court would dismiss the case for insufficient service of process).

Streeter's central argument is that, because of the stay, this case has not progressed, so National Union has suffered no prejudice. ECF No. 71 at 5. But National Union says that it has been prejudiced—it has been prevented from being heard in the case for well over a year past the time it was added as a Defendant. ECF No. 73 at 5. National Union argues that it deserved to be heard on Plaintiffs' Motion to Stay and that, possibly, the stay may not have applied to Streeter's claims, and thus, National Union could have pursued a dispositive motion far earlier in the action. *Id.*

10

Streeter took no action to serve National Union for well over a year and has given no explanation for the delay, nor expressed that there was ever any intention to timely serve National Union. Streeter has no explanation for this lack of diligence, which some courts may accept as a "reasoned basis" for excusing the delay. *See, e.g.*, *Escalante*, 2019 WL 109369, at *3 (finding "excusable neglect" when an attorney's employee misunderstood a conversation with the court's clerk office and failed to set a calendar reminder for the service deadline).

In addition, the neglect here far exceeds the neglect in cases where the court found it either had either "good cause" or a "reasonable basis" to excuse the delay. *See, e.g.*, *United States ex rel. Maharaj*, 427 F. Supp. 3d at 654 (finding a "reasonable basis" to extend the deadline because the defendants faced no prejudice and the plaintiff missed the deadline by "only one day," a "de minimis delay"); *Escalante*, 2019 WL 109369, at *5 (excusing a 34-day delay because the neglect was "excusable" and plaintiff "exhibited every intention of serving the Complaint in a timely manner"); *Whetstone v. Mayor & City Council of Baltimore City*, No. 18-cv-738-ELH, 2019 WL 1200555, at *8 (D. Md. Mar. 13, 2019) (excusing a 130-day delay when plaintiff repeatedly "attempted to effect service by the deadline" and alleged that defendants were aware of the lawsuit and were intentionally uncooperative).

Here, assuming that National Union was served on August 5, 2020, as Streeter avers, Streeter still took 406 days to serve National Union. Streeter was 316 days late with no excuse. There is no reasoned basis for the Court to excuse Streeter's untimely service, so this Court will not excuse the delay. *See, e.g.*, *Tenenbaum*, 2011 WL 2038550, at *6 ("The facts presented by Tenenbaum evidence a plaintiff who largely took no steps to serve any defendant for several

11

months. Such procrastination should not be rewarded."). Therefore, this Court will dismiss the action, without prejudice, pursuant to Rule 12(b)(5).[15]

### III.   CONCLUSION

For the reasons discussed, National Union's Motion to Dismiss is granted, and National Union is dismissed from the case. In addition, pursuant to the parties' Stipulation of Dismissal, Defendant Liberty Mutual is dismissed from the actions. Finally, pursuant to the Notice of Stay, the remaining actions against CXRe are stayed. Thus, No. GJH-18-2355 and No. GJH-18-3247, which involve Johnson's claims against CXRe, are stayed. The remaining cases, No. GJH-19-417, No. GJH-19-416, No. GJH-18-2960, and No. GJH-18-2962, which involve the dismissed or settled claims of Liles and Streeter, are dismissed. A separate Order follows.

Dated:  February    22, 2022                    /s/_____
                                                GEORGE J. HAZEL
                                                United States District Judge

---

[15] A dismissal under Rule 12(b)(5) is without prejudice. *Galindo v. ASRC Fed. Holding Co., LLC*, No. 15-cv-940, 2016 WL 2621949, at *1 (D. Md. May 5, 2016) (citing Rule 4(m)); *see also Attkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019), *as amended* (June 10, 2019).